**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**ROBERT LEE EISNAUGLE,**

    **Defendant.**

Case No. 2:17-cr-86
JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

Currently pending before the Court is Defendant Robert Lee Eisnaugle's Motion for Compassionate Release (ECF No. 45) and Motion for an Extension of Time to Reply (ECF No. 47). The Government responded opposing Mr. Eisnaugle's Motion for Compassionate Release (ECF No. 46), and Mr. Eisnaugle has timely replied. (ECF No. 48). Mr. Eisnaugle having already replied, the Motion for an Extension of Time is denied as **MOOT**. For the following reasons, Mr. Eisnaugle's Motion for Compassionate Release (ECF No. 45) is **DENIED**.

**I.**

On August 18, 2017, Mr. Eisnaugle pleaded guilty to possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). (ECF No. 28). This Court sentenced Mr. Eisnaugle to sixty months of incarceration minus time served, to be followed by three years of supervised released. (ECF No. 39). Mr. Eisnaugle is currently serving that sentence at FCI Beckley in West Virginia and is set to be released on December 8, 2021. (Gov. Resp. at 3, ECF No.46).

Due to the COVID-19 pandemic and his medical conditions, Mr. Eisnaugle asks the Court to modify his sentence to time served using its authority under 18 U.S.C. § 3582(c)(1)(A). (ECF

No. 45). Mr. Eisnaugle's sister echoed his request in a heartfelt letter attached to his motion. (ECF No. 45-1).

## II.

Since Congress passed the Sentencing Reform Act of 1984, federal law has authorized courts to reduce the sentences of federal prisoners with extraordinary health concerns and other hardships, but only under very limited circumstances. *See United States v. Ruffin*, 978 F.3d 1000, 2020 U.S. App. LEXIS 33689, at *8 (6th Cir. 2020); *see also* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984). Prior to the passage of the First Step Act of 2018, a district court could grant compassionate release sentence reductions only upon motion by the Director of the Bureau of Prisons ("BOP"). *See id.*

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence. The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants' facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

As the Court of Appeals explained in *Ruffin*, the statute contains "three substantive requirements for granting relief." *Ruffin*, 2020 U.S. App. LEXIS 33689, at *9. First, the court must

initially find that "extraordinary and compelling reasons warrant such a reduction." *Id.* (citing § 3582(c)(1)(A)). Second, before granting a reduced sentence, the Court must find "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at *11. But district courts may skip this second step and have "full discretion to define 'extraordinary and compelling' without consulting the policy statement U.S.S.G. § 1B1.13" when an incarcerated person files the motion for compassionate release, because § 1B1.13 is not an "applicable policy statement" when an incarcerated person files the motion. *United States v. Jones*, No. 20-3701, slip op. at 16 (6th Cir. Nov. 20, 2020). Third and finally, even if the Court finds that extraordinary and compelling reasons exist, the Court may not grant a release before considering the sentencing factors set forth in § 3553(a). *Ruffin*, 2020 U.S. App. LEXIS 33689, at *12. This last step gives the Court "substantial discretion" in deciding whether to reduce or modify a sentence. *Id.*

### III.

Mr. Eisnaugle moves for a compassionate release. He argues that the Court has the authority to order such a release because he has met the 30-day waiting requirement, and that his release is justified by extraordinary and compelling reasons.[1] (Def.'s Mot. at 7, 12, ECF No. 45). Mr. Eisnaugle, age 36, submits that he suffers from atrial fibrillation, COPD, high blood pressure, and hyperlipidemia, and that these medical conditions combined with his confinement at FCI Beckley substantially increase his risk of grave illness and death from COVID-19. (ECF No. 45 at 3, 9). Moreover, Mr. Eisnaugle argues that he does not present a risk to the public, and that the approximately 75% of his sentence that he has already served is sufficient to satisfy the goals of

---

[1] Mr. Eisnaugle requested compassionate release from his warden on August 5, 2020, and it was denied the following day. He then waiting until October 16, 2020 to file the motion at bar. (Gov. Resp. at 3, ECF No. 46). The Government agrees that Mr. Eisnaugle has met the exhaustion requirement. (*Id.* at 6).

sentencing set forth in 18 U.S.C. § 3553(a), given the circumstances. (*Id.* at 13–14; Reply at 12, ECF No. 48).

The Government opposes the motion arguing, *inter alia*, that Mr. Eisnaugle has not demonstrated extraordinary and compelling reasons for his release. The Government explains that while Mr. Eisnaugle "may" have demonstrated extraordinary and compelling medical conditions, the Bureau of Prisons has taken thorough, systematic measures to combat COVID-19 and Mr. Eisnaugle has not demonstrated that his release plan would make him any less likely to contract the virus. (ECF No. 46 at 8). The Government also argues that the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh against Mr. Eisnaugle's release, as will be addressed in more detail below. (ECF No. 46 at 8).

The Court will assume that extraordinary and compelling circumstances are present here, because the sentencing factors set forth in § 3553(a) counsel against Mr. Eisnaugle's release. *See Ruffin*, 2020 U.S. App. LEXIS 33689, at *19 ("We have repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief."); *see also United States v. McGuire*, 822 F. App'x 479, 480 (6th Cir. 2020) (affirming district court's denial of compassionate release based on the § 3553(a) factors even assuming that Defendant demonstrated extraordinary and compelling circumstances).

Before granting compassionate release, the Court is required to consider whether such release would comport with the § 3553(a) sentencing factors. § 3582(c)(1)(A). Those factors are as follows:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

4

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

§ 3553(a). The Court considers the nature and circumstances of Mr. Eisnaugle's offense, as well as his history and characteristics, first.

The nature and circumstances of Mr. Eisnaugle's offense are troubling. Mr. Eisnaugle admitted to possessing a firearm in furtherance of a drug trafficking crime. He committed this offense while under community control for aggravated assault. (Gov. Resp. at 9, ECF No. 46). And, while the parties dispute the details, it is undisputed that two young children were present at the house when Mr. Eisnaugle was arrested. (*Compare* Gov. Resp. at 2, ECF No. 46; *with* Def. Reply at 11, ECF No. 48). The Court takes a dim view of Mr. Eisnaugle's offense.

Mr. Eisnaugle's history and characteristics are also very relevant here, and cut sharply in both directions. Mr. Eisnaugle has a long criminal history. He has accumulated a total of fourteen criminal convictions. (Gov. Resp. at 9, ECF No. 46). This lengthy criminal history includes convictions for burglary and grand theft, possession of cocaine and cocaine base, and aggravated assault. (*Id.* at 9). Mr. Eisnaugle also has a history of substance abuse. (*Id.* at 10). Indeed, Mr. Eisnaugle's criminal history has been directly fueled by his drug addiction, which began when he was a teenager. (Def. Reply at 10, ECF No. 48). The Court is mindful, however, that Mr. Eisnaugle had a difficult upbringing in a broken and abusive home. (Letter at 1, ECF No. 45-1). The Court is also very mindful that Mr. Eisnaugle's medical conditions make him particularly vulnerable to COVID-19. (*E.g.*, Def. Reply at 7, ECF No. 48; Gov. Resp. at 7–8, ECF No. 46).

Informed by the foregoing, the Court next considers whether an early release would go against the need for the sentence to protect the public from future crimes by Mr. Eisnaugle. § 3553(a)(2)(C). Mr. Eisnaugle insists that his release would not present a risk to the public. (ECF No. 45 at 13). His sister informs the Court that she and her family could take in Mr. Eisnaugle, and that he knows she would not tolerate any illicit activity. (ECF No. 48-1 at ¶¶ 13, 19). The Government responds that public safety strongly counsel's against Mr. Eisnaugle's release, and highlights his criminal history, history of drug abuse, and disciplinary record while incarcerated, in support of its position. (ECF No. 46 at 9). The Court agrees with the Government. Mr. Eisnaugle's history reveals that an early release would be accompanied by a substantial risk of relapse and re-offense. This finding is fortified by the fact that he committed the instant offense while on community control. As such, the need to protect the public from future crimes by Mr. Eisnaugle weighs heavily against his early release.

In light of Mr. Eisnaugle's criminal history, the Court also finds that a reduced sentence would not promote respect for the law or afford adequate deterrence. § 3553(a)(2)(A), (a)(2)(B). This is confirmed by Mr. Eisnaugle's conduct while incarcerated, as he has failed to keep a clean disciplinary record. (Gov. Resp. at 9, ECF No. 46).

Mr. Eisnaugle and his sister fear that if he is not released, Mr. Eisnaugle may die in prison. (Letter at 2, ECF No. 45-1; Reply at 12, ECF No. 48). The Court is very mindful that Mr. Eisnaugle's health conditions put him at a heightened vulnerability to COVID-19, and the Court has no desire to see such an ill befall Mr. Eisnaugle. The Court is also mindful, however, that the BOP continues to take steps to combat the spread of COVID-19. These steps do not count for nothing. Even so, this consideration does weigh heavily in favor of Mr. Eisnaugle's release.

In the final analysis, this case comes down to two powerful and competing considerations.

On the one hand, Mr. Eisnaugle appears to be particularly vulnerable to COVID-19. On the other hand, he also appears to be highly likely to commit further crimes once released. This case is a close call, but ultimately the Court cannot square Mr. Eisnaugle's early release with the need for his sentence to protect the public.

## IV.

For the reasons stated above, Defendant Robert Lee Eisnaugle's Motion for Compassionate Release (ECF No. 45) is **DENIED**. Additionally, in light of Mr. Eisnaugle's timely Reply (ECF No. 48), his Motion for an Extension of Time to Reply (ECF No. 47) is denied as **MOOT**.

**IT IS SO ORDERED.**

**11/30/2020**         **s/Edmund A. Sargus, Jr.**
**DATE**        **EDMUND A. SARGUS, JR.**
       **UNITED STATES DISTRICT JUDGE**